2010 OK 34

**SALAZAR ROOFING & CONSTRUC-
TION, INC., an Oklahoma Corpo-
ration, Plaintiff/Appellee,**

v.

**The CITY OF OKLAHOMA CITY,
Defendant/Appellant.**

**No. 107,137.**

Supreme Court of Oklahoma.

April 20, 2010.

Rehearing Denied Feb. 24, 2011.

Tom M. Cummings, Oklahoma City, OK, for Appellee.

Kenneth Jordan, Municipal Counselor, Matthew A. Collins, Assistant Municipal Counselor, City of Oklahoma City, Oklahoma City, OK, for Appellant.

HARGRAVE, J.

¶ 1 On August 30, 2007, in Oklahoma City, an employee of the City, acting within the scope and course of this employment, backed the City's dump truck into the dump truck of Salazar Roofing & Construction Company. Salazar sought damages from the City and fully complied with the notice provisions of the Governmental Tort Claims Act. Oklahoma City admitted liability, stipulated to the damages, but denied the claim, except to the extent of paying Salazar's insurance-deductible payment. It conceded that its employee was negligent but argued that it was exempt from liability under the Governmental Tort Claims Act, specifically 51 O.S.2001, §§ 155(14), 155(27) and 51 O.S.2001, § 163(D).

¶2 51 O.S.2001, §§ 155(14), 155(27) provides:

The state or a political subdivision shall not be liable if a loss or claim results from: (14) Any loss to any person covered by any workers' compensation act or any employer's liability act; (27) Any claim or action based on the theory of indemnification or subrogation;

51 O.S.2001, § 163(D) provides:

D. All actions against the state or political subdivision shall be filed in the name of the real party or parties in interest, and in no event shall any claim be presented nor recovery be made under the right of subrogation.

¶3 The City argued that since Salazar had private insurance covering the claim (a collateral source of indemnity) that the City was liable only for Salazar's insurance-deductible payment. The trial court conducted a non-jury trial and found that Salazar's claim is not a subrogation claim, but a first-party claim and that neither 51 O.S.2001, §§ 155(14), 155(27) nor 163(D) applies. The trial court also found that the Governmental Tort Claims Act does not prohibit a recovery from a collateral source. Judgment was for Salazar for $11,083.58 in damages, with post-judgment interest, attorney fees of $4,500.00 and $217.00 in costs. The City appealed and the Court of Civil Appeals reversed, finding the claim was one for subrogation. We grant Certiorari and reverse the opinion of the Court of Civil Appeals.

¶4 Subrogation has been defined by this Court as "a doctrine the law has devised for the benefit of one secondarily liable who has paid the debt of another." *Sexton v. Continental Casualty Co.,* 1991 OK 84 ¶18, 816 P.2d 1135. In the instant matter, the Claim filed under the Governmental Torts Claim Act by Salazar was filed in Salazar's name, directly against the tortfeasor, for the benefit of the owner of the damaged vehicle. The action was not filed by the insurance carrier to recoup the amount paid to insured. Therefore it appears that this matter is a first-party claim, not a claim for subrogation. No subrogation is at issue in the instant matter. There is no party secondarily liable

for the damage caused by the City's negligence present in the case at bar.

¶5 In the instant matter, the statutory language of 51 O.S.2001 § 155(27) does not bar Salazar's claim against Oklahoma City. Salazar's claim was not based on the theory of subrogation or indemnification, as the statute forbids. Neither does Salazar's claim offend 51 O.S.2001 § 163(D), which requires that all actions must be brought in the name of the real party in interest and no recovery may be made under the right of subrogation. Salazar's claim is its own and Salazar is the only party in interest. 51 O.S.2001, § 155(14) deals with Workers' Compensation and is not applicable in the instant matter.

**WRIT OF CERTIORARI PREVIOUSLY GRANTED; ORDER OF THE COURT OF CIVIL APPEALS REVERSED; RULING OF TRIAL COURT AFFIRMED.**

¶6 CONCUR: EDMONDSON, C.J., HARGRAVE, OPALA, KAUGER, WATT, COLBERT, REIF, JJ.

¶7 DISSENT: TAYLOR, V.C.J., WINCHESTER, J.